UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER JOHN GRZESKOWIAK,

Plaintiff,

v.

TAMMY PRESTIN, DENTIST, and
DENTAL ASSISTANT COLORED MAN,

Defendants.

Civil File No. 00-30 (RHK/AJB)

ORDER

By order dated January 10, 2000, (Docket No. 5), Plaintiff was required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $19.33. That order further advised Plaintiff that if he failed to pay the required fee within twenty days, (i.e., on or before January 30, 2000), his present action would be subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying Plaintiff's initial partial filing fee has now expired, and he has not yet tendered any payment. He has, however, filed a document bearing the caption "I.F.P. Status," (Docket No. 6), in which he contends that he is unable to pay the initial partial filing fee required by the Court's prior order. The Court will construe Plaintiff's submission as a request to be excused from paying any initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(4).[1] That request will not be granted at this time, however, because

[1] 28 U.S.C. § 1915(b)(4) provides that –

"In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

FILED MAR 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff has not adequately demonstrated that he has no means of paying at least some portion of his initial partial filing fee.

The only documentation submitted by Plaintiff that includes any financial information that is certified by prison officials as required by 28 U.S.C. § 1915(a)(2) is his application to proceed in forma pauperis, ("IFP"). (Docket No. 4.) The IFP application shows a balance in Plaintiff's trust account, as of October 27, 1999, in the amount of $28.34. Based on that information, Plaintiff should be able to pay the initial partial filing fee of $19.33 that was prescribed by the Court's prior order. The Court recognizes that Plaintiff's IFP application may not accurately reflect the current status of his trust account, but that application provides the only properly certified financial information that is presently before the Court.

If Plaintiff believes that he should be excused from paying any initial partial filing fee for this case, he will have to file an entirely new IFP application, properly certified pursuant to 28 U.S.C. § 1915(a)(2), showing that he has no assets and no means by which to pay any initial partial filing fee. Furthermore, his new IFP application will have to be accompanied by a detailed explanation of his deposits to, and expenditures from, his prison trust account during the most recent two-month period. That additional information will be required to ensure that Plaintiff has not committed fraud upon the Court by deliberately exhausting his available funds for the purpose of avoiding the initial partial filing fee requirements established by Congress.[2]

---

[2] It could be inferred from Plaintiff's most recent submission, (the "I.F.P. Status;" Docket No. 6), that he has been intentionally depleting his prison trust account, by acquiring law reviews and other non-essential items, in an effort to avoid the partial filing

If Plaintiff elects to file a new IFP application in an effort to avoid the payment of his initial partial filing fee, he must do so by no later than March 31, 2000. If he has not filed a new IFP application by that date, it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). In the alternative, Plaintiff will still be allowed to pay the initial partial filing fee prescribed in the Court's prior order, (i.e., $19.33), and if he does so by March 31, 2000, the case will then proceed to the initial screening process required by 28 U.S.C. § 1915A.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

On or before March 31, 2000, Plaintiff shall either (a) pay an initial partial filing fee of $19.33, or (b) submit a new, properly certified, application to proceed in forma pauperis, which shall include a detailed explanation of his prison trust account activity during the immediately preceding two-month period; and if Plaintiff does not comply with this order in a timely manner, it will be recommended that this action be dismissed without prejudice.

Dated: March 8, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

fee requirements mandated by 28 U.S.C. § 1915(b)(1). See Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998) ("'[i]f a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be entitled to honor'"), cert. denied, 119 S.Ct. 1467 (1999), quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir.) (internal citation omitted), cert. denied, 522 U.S. 874 (1997).