UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER JOHN GRZESKOWIAK,

Plaintiff,

v.

TAMMY PRESTIN, "DENTIST," and "DENTAL ASSISTANT COLORED MAN,"

Defendants.

Civil No. 00-30 (RHK/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge for review of Plaintiff's pro se complaint brought under 42 U.S.C. § 1983. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility, Lino Lakes, Minnesota. The events giving rise to his present lawsuit apparently transpired some time ago, while he was incarcerated at the state prison at Stillwater. Plaintiff alleges that his caseworker at the time, Defendant Tammy Prestin, would not let him visit the prison dental care facilities, even after he explained to her that his teeth were causing him "extreme pain." It is further alleged that once Plaintiff did get to visit a dentist, he did not receive proper dental treatment. A prison dental assistant allegedly tried to take x-rays that Plaintiff thought were unnecessary, and allegedly ordered Plaintiff to leave the prison

FILED APR 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

dental office on two occasions. In addition, a prison dentist allegedly told Plaintiff that no effort would be made to "save" his teeth while he was in prison, and that his only option was to have his teeth extracted. Plaintiff accuses the unnamed dental assistant and dentist of committing dental malpractice.

Plaintiff's prayer for relief, set forth at the conclusion of the Complaint, is as follows:

> "Jury trial with appointment of counsel, prevent any use of perjury. Grant I.F.P. status and order the Dept of Corrections to make all photocopies Plaintiff need[s] for any court. To prevent this from anyone else to have to suffer such pain for such an extended period[.] I believe there is an issue of bias and do not want this action to go before Magistrate Boylan or Judge Michael Davis. Remove and bar Tammy Prestin from being employed by the D.O.C. ? M.C.F. in any capacity."

(Complaint, [Docket No. 1], § V.) No other relief is requested in the Complaint.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from Defendants who are governmental employees, his Complaint is subject to the screening requirements prescribed at 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against governmental employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of Plaintiff's pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff's entire Complaint is subject to dismissal pursuant to § 1915A(b)(1), because he has not stated any actionable claim for relief. The only substantive relief that Plaintiff is requesting in this action is that Defendant Tammy Prestin's employment with the Minnesota Department of Corrections be terminated, in order to protect other state prisoners from being subjected to the type of pain that Plaintiff allegedly has suffered. There is no indication that Plaintiff is seeking any relief for his own personal benefit.[1] Instead, the Complaint clearly indicates that Plaintiff is seeking relief solely for the benefit of other inmates. Plaintiff cannot pursue such relief, however, because he lacks standing to assert claims for the benefit of other prisoners, and he cannot attempt to bring claims on their behalf. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoners lack standing to bring claims for others); see also Hooker v. Pazera, No. 3:92-CV-715RM (N.D.Ind. 1996), 1996 WL 476658 at *4 (prison inmate "has no standing to assert the rights of other prisoners") (citing Martin and 22 other federal cases holding that prisoners cannot sue for the benefit of others).

The only relief that Plaintiff has requested for himself is (i) a jury trial, (ii) appointment of counsel, (iii) prevention of perjury, and (iv) photocopies.[2] However, these requests involve merely procedural or collateral matters. There is no basis for granting

---

[1] It does not appear that terminating Prestin's employment with the DOC would provide any direct benefit to Plaintiff, because there is no indication that Prestin is still Plaintiff's caseworker, or that she even works at the institution where Plaintiff is currently confined.

[2] Plaintiff has also requested that this action be handled by someone other than the undersigned magistrate judge and District Court Judge Michael Davis. That request has already been addressed in the Court's order dated January 10, 2000. (Docket No. 5.)

such procedural/collateral requests when there is no underlying request for substantive relief that can properly be entertained here. In the absence of some viable substantive claim for relief, Plaintiff's procedural/collateral requests are simply moot.

In sum, the Court concludes that Plaintiff's Complaint fails to state a cause of action on which relief can be granted, because it does not identify any substantive claim for relief for Plaintiff's own personal benefit. The action must therefore be dismissed pursuant to § 1915A(b)(1), and Plaintiff's application to proceed in forma pauperis must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will still be liable for the unpaid balance of the statutory filing fee, (i.e., $130.67), notwithstanding the summary dismissal of this action. 28 U.S.C. § 1915(b).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1);

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket Nos. 3 and 4), be DENIED;

3. Plaintiff be required to pay the unpaid balance of the court filing fee, ($130.67), in accordance with 28 U.S.C. § 1915(b)(2);

Dated: April 20th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.