UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

PETER J. GRZESKOWIAK,

Plaintiff-Appellant,

v.

TAMMY PRESTIN; DENTIST; DENTAL ASSISTANT, Colored Man,

Defendant-Respondents.

---

Civil No. 00-30 (RHK/AJB)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis ("IFP") on appeal. (Docket Nos. 18 and 19.) Plaintiff's application was filed in response to this Court's order of August 1, 2000. (Docket No. 17.) That order indicated that "[i]f Plaintiff was not incarcerated when he filed his Notice of Appeal, his IFP application should so advise the Court." Plaintiff's IFP application does not indicate that he was not incarcerated when he filed his Notice of Appeal, and it clearly indicates that he is incarcerated now. The Court must therefore assume that Plaintiff was incarcerated when he filed his appeal, and that he should be treated as a "prisoner" for purposes of determining his eligibility for IFP status. See 28 U.S.C. § 1915(b)(1), (h).

Because Plaintiff is a prisoner, he is subject to those provisions of the Prison Litigation Reform Act of 1995 ("PLRA") that govern prisoner IFP applications. The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal. 28 U.S.C. § 1915(b)(1); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). However, a prisoner who is granted IFP status under § 1915 may be allowed to pay his filing fee in installments, rather than paying the

FILED AUG 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

When a prisoner applies for IFP status on appeal, the Court first must consider his financial status. If the prisoner is "destitute," i.e., if he has "no assets and no means," he may be allowed to proceed without pre-paying any part of his filing fee. 28 U.S.C. § 1915(b)(4); Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997). If the prisoner is found not to be destitute, then the Court must assess an "initial partial filing fee" pursuant to 28 U.S.C. § 1915(b)(1). Id. at 485. In either event, (i.e., whether the prisoner is destitute or pays an initial partial filing fee), the remaining balance of the $105 filing fee must be paid in installments pursuant to § 1915(b)(2). Id. at 483 ("prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full"). In addition, if the Court determines that a prisoner's appeal is not taken in good faith, IFP status will be denied, regardless of the prisoner's financial circumstances. Id.; 28 U.S.C. § 1915(a)(3).

In the instant case, the Court concludes that Plaintiff is not able to pre-pay the full amount of the filing fee for his appeal, and that his appeal is taken in good faith. Therefore, Plaintiff's IFP application will be granted. Moreover, the Court finds that Plaintiff is "destitute" for purposes of § 1915(b)(4), and he will therefore be excused from paying any initial partial filing fee at this time. However, Plaintiff shall remain liable for the unpaid balance of the filing fee for his appeal, (namely the full $105), which shall be paid from his prison trust account in the manner prescribed by 28 U.S.C. § 1915(b)(2). Henderson, 129 F.3d at 484, 485. The Clerk of Court shall notify prison authorities of this requirement.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis on appeal, (Docket Nos. 18 and 19), is GRANTED;

2. Pursuant to 28 U.S.C. § 1915(a)(4), Plaintiff shall not be required to pay an initial partial filing fee in this matter;

3. Plaintiff shall remain liable for the full unpaid balance of the appellate filing fee, namely $105, and that amount shall be paid in installments pursuant to 28 U.S.C. § 1915(b)(2); and

4. The Clerk of Court shall provide notice to the institution where Plaintiff is incarcerated of Plaintiff's obligations under 28 U.S.C. § 1915(b)(2).

Dated: August 11, 2000

RICHARD H. KYLE
United States District Court Judge